**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEW JERSEY CVS PHARMACY, LLC,<br><br>　　　　　　　Plaintiff,<br>　v.<br><br>MCGUIRE CHEVROLET and ERIC L. MCGUIRE, JR.,<br><br>　　　　　　　Defendants.<br><br>―――――――――――――――――――<br><br>MCGUIRE CHEVROLET and ERIC L. MCGUIRE, JR.,<br><br>　　　　　　　Third-Party Plaintiffs,<br>　v.<br><br>CVS HEALTH CORPORATION,<br><br>　　　　　　　Third-Party Defendant. | **OPINION**<br><br>Civ. No. 15-4628 (WHW) (CLW) |

**Walls, Senior District Judge**

Defendants seek a declaratory judgment that Plaintiff is not entitled to specific performance of a disputed lease agreement between the parties. Plaintiff responds that it has not requested specific performance and a declaratory judgment is unavailable in the absence of a genuine controversy. Decided without oral argument under Federal Rule of Civil Procedure 78, Defendants' motion is denied.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff New Jersey CVS Pharmacy, LLC ("CVS") brought this suit against Defendants McGuire Chevrolet and Eric McGuire on June 29, 2015. ECF No. 1. The parties' dispute began in 2010, when CVS negotiated with McGuire to lease a property where it planned to build a

1

retail pharmacy. *Id.* ¶ 6. The lease was executed in July 2011 but was held in escrow for more than three years at McGuire's request while he "resolved an internal family dispute." *Id.* It became effective in November 2014. *Id.* ¶ 8.

CVS alleges that, after the lease became effective, McGuire decided to continue operating his dealership rather than carry out the lease's requirements and turn over the property. *Id.* ¶ 9. Specifically, he "embarked on an extended course of conduct . . . designed to frustrate [CVS] in the exercise of its contractual rights—and, in particular, in performing necessary environmental due diligence on the Leased Property—and thus force it to either breach or terminate the Lease." *Id.* This alleged conduct included preventing CVS from scheduling necessary environmental testing during the agreed-upon 90 day evaluation period, "intentionally interfer[ing] with [CVS]'s contractors and consultants when they were finally onsite," and demanding revision of the lease with respect to the obligation to review and submit a claim for remediation costs. ¶¶ 10-11. CVS brings a claim for breach of contract and a claim for breach of the implied covenant of good faith and fair dealing, seeking "more than $1 million in fees and expenses it has incurred to date in connection with the Leased Property." *Id.* ¶¶ 139, 142.

On September 22, 2015, Defendants filed an answer to CVS's complaint, a counterclaim against CVS, and a third-party complaint against CVS Health Corporation ("CVS Health"). ECF No. 7. Their counterclaim against CVS seeks four counts of relief. Count One requests a declaratory judgment that Defendants terminated the lease or, in the alternative, that they are entitled to an extension of the evaluation period. *Id.* ¶¶ 28-29. Count Two seeks damages against CVS for breach of contract. *Id.* ¶¶ 30-32. Count Three seeks damages against CVS for breach of the implied covenant of good faith and fair dealing. *Id.* ¶¶ 33-37. Count Four requests a declaratory judgment that CVS "has elected not to seek specific performance of the Lease and is

seeking money damages only in this lawsuit" and that "the property is free and clear of any leasehold (or other) interest of Plaintiff and that Defendants are free to pursue any transactions concerning the property free and clear of such interest." *Id.* ¶¶ 38-43. CVS filed an answer to the counterclaim denying that Defendants were entitled to these forms of relief. ECF No. 12 ¶¶ 28-43.

Defendants filed this motion for judgment on the pleadings or, in the alternative, summary judgment on December 23, 2015. ECF No. 13. They note that CVS's complaint did not seek specific performance but contend that CVS's answer to their counterclaim "inexplicably denies McGuire's allegation that CVS does not seek specific performance." *Id.* at 2-3. They argue that the "uncertainty engendered by CVS's pleadings and conduct effectively prevents McGuire from developing, selling or leasing the Property" because they do not know whether CVS intends to seek specific performance. *Id.* at 3-4. Defendants request judgment on the pleadings or partial summary judgment on Count Four of their counterclaim. *Id.* at 5-6.

CVS responds that it is not seeking specific performance of the lease. ECF No. 15 at 1. It notes that specific performance is never mentioned in its complaint. *Id.* It also notes that its answer to Count Four stated only that the "Complaint speaks for itself, and [CVS] denies Landlord's attempt . . . to characterize the relief requested in the Complaint." ECF No. 12 at 4. CVS argues that a declaratory judgment would be inappropriate, stating that "facts uncovered during discovery might" cause it to seek leave to amend its complaint to add a request for specific performance, and "the parties [would] litigate at that time the propriety of an amendment adding a demand for specific performance." *Id.* Defendants have attached to their reply brief a certification of Eric McGuire stating that "the cloud on title created by CVS's refusal to disclaim

any interest it might possess in the Property" has prevented him from pursuing certain business opportunities. Cert. of Eric McGuire, ECF No. 15 ¶¶ 3-5.

## STANDARD OF REVIEW

A motion for judgment on the pleadings under Rule 12(c) is decided under the same standards that apply on a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Revell v. Port Authority of New York, New Jersey*, 598 F.3d 128, 134 (3d Cir. 2010). To survive such a motion, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute between the parties must be both genuine and material to defeat a motion for summary judgment. *Scott v. Harris*, 550 U.S. 372, 380 (2007) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986)). A disputed fact is material where it would affect the outcome of the suit under the relevant substantive law. *Anderson*, 477 U.S. at 248. A dispute is genuine where a rational trier of fact could return a verdict for the non-movant. *Id.*

The Declaratory Judgment Act, 28 U.S.C. § 2201(a), allows a court to enter a declaratory judgment by providing that, in "a case of actual controversy within its jurisdiction, . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such a declaration, whether or not further relief is or could be sought." The Act serves to "avoid accrual of avoidable damages to one not certain of his rights and to afford him an early

adjudication without waiting until his adversary should see fit to begin suit, after damage has accrued." *Travelers Ins. Co. v. Davis*, 490 F.2d 536, 543 (3d Cir. 1974) (quotation omitted). The "phrase 'case of actual controversy' in the [Declaratory Judgment] Act refers to the type of 'Cases' and 'Controversies' that are justiciable under Article III." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126 (2007). One requirement of Article III is ripeness. For the purposes of a declaratory judgment, ripeness analysis focuses on "the 'adversity of interest' between the parties, the 'conclusivity' that a declaratory judgment would have on the legal relationship between the parties, and the 'practical help, or utility' of a declaratory judgment." *Armstrong World Indus., Inc. by Wolfson v. Adams*, 961 F.2d 405, 411 (3d Cir. 1992) (internal citations omitted). Before deciding a declaratory judgment case, a court must ask "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune*, 549 U.S. at 127 (quoting *Maryland Casualty Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)).

## DISCUSSION

McGuire contends that CVS has created uncertainty about whether it is seeking specific performance. ECF No. 13 at 2-4. CVS responds that it has not sought specific performance but states that it could move to amend its complaint, including its request for relief, after discovery has taken place. ECF No. 15 at 3-4. CVS's complaint does not mention specific performance. *See generally* ECF No. 1. Despite the absence of any reference to specific performance in the complaint, McGuire alleges that uncertainty stems from CVS's response to Count Four of Defendants' counterclaim. Count Four alleges that:

> 40. [CVS] has not sought specific performance of the Lease in its Complaint.

> 41. Pursuant to [CVS's] Complaint, [CVS] has elected to seek money damages in this lawsuit and not specific performance.
> 42. Notwithstanding the fact that [CVS] has not sought specific performance in the Complaint, it has refused to confirm to [McGuire] that it does not seek to enforce the Lease.

ECF No. 7. CVS answered these paragraphs by pleading that:

> 40. The Complaint speaks for itself, and [CVS] denies [McGuire's] attempt in Paragraph 40 of the Counterclaim to characterize the relief requested in the Complaint.
> 41. The Complaint speaks for itself, and [CVS] denies [McGuire's] attempt in Paragraph 41 of the Counterclaim to characterize the relief requested in the Counterclaim.
> 42. [CVS] denies the allegations contained in Paragraph 42 of the Counterclaim.

ECF No. 12.

McGuire asks the Court to declare that "Plaintiff has elected not to seek specific performance of the Lease and is seeking money damages only in this lawsuit," ECF No. 7 ¶ 43, and that "the property is free and clear of any leasehold (or other) interest of Plaintiff and that Defendants are free to pursue any transactions concerning the property free and clear of such interest." ECF No. 7 ¶ 43. CVS responds that "CVS's Complaint does not seek specific performance of the Lease." ECF No. 15 at 1.

The declaratory judgment requested in Count Four is not ripe. "Courts have found insufficient adversity for ripeness where the chance of the defendant acting against plaintiff is but a 'contingency.'" *NE Hub Partners, L.P. v. CNG Trans. Corp.*, 239 F.3d 333, 343 (3d Cir. 2001). The Third Circuit has explained that:

> Where the plaintiff's action is based on a contingency, it is unlikely that the parties' interests will be sufficiently adverse to give rise to a case or controversy within the meaning of Article III. Of course, a plaintiff need not suffer a completed harm to establish adversity of interest between the parties. In some situations, present harms will flow from the threat of future actions. However, to protect against a feared future event, *the plaintiff must demonstrate that the probability of that future event occurring is real and substantial*, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

*Armstrong*, 961 F.2d 405, 411-12 (internal citations and quotations omitted, emphasis added). Additionally, a declaratory judgment "should ordinarily not be granted unless the parties' plans of actions are likely to be affected by a declaratory judgment." *Id.* (citations and quotations omitted).

Although CVS has acted against McGuire by bringing this lawsuit, it has not sought specific performance in its request for relief, nor has it indicated that it intends to do so. The declaratory judgment Defendants request depends on the contingency that Plaintiff will seek and be granted leave to amend its complaint to add a demand for specific performance. Of course, CVS *might* move for the Court's leave to make such an amendment under Rule 15(a)(2). But as it correctly argues, "everything that has occurred to this date—most importantly, CVS's conscious decision not to seek specific performance in the Complaint—indicates that it has no present interest in seeking specific performance of [the Lease.]" ECF No. 15 at 4.

McGuire has not put forward sufficient evidence that "the probability of that future event occurring is real and substantial." *Armstrong*, 961 F.2d at 411-12. He complains of CVS's "artful pleading" in its answer to Count Four. ECF No. 13-1 at 2. But CVS's answer that the "Complaint speaks for itself, and [CVS] denies [McGuire's] attempt . . . to characterize the relief requested in the Complaint" makes it neither more or less likely that CVS would either seek or be granted leave to amend under Rule 15. Were the Court to consider Count Four at this time, Plaintiff would be forced either to defend its right to a form of relief that it has no present intention of demanding or to forgo the possibility of moving to add such a demand after discovery. Either choice would lead to a lack of an adequate "legal controversy so as to sharpen the issues for judicial resolution." *Armstrong*, 961 F.2d at 410 (citation omitted). In the absence of any evidence or indication that CVS intends to demand specific performance, the parties' interests

**NOT FOR PUBLICATION**

are not sufficiently adverse and Count Four is not ripe. *See id.* at 410-12; *see also Kowalsky v. Deutsche Bank Nat. Trust Co.*, 2015 WL 577023 at *3 (D.N.J. Sept. 30, 2015) (Declaratory judgment not available with respect to a "future foreclosure action that Defendants may or may not ever institute" because the "claim lack[ed] an antagonistic assertion of rights by one party against another.").

## CONCLUSION

Defendants' motion for judgment on the pleadings or for summary judgment is denied. In the absence of an actual controversy under 28 U.S.C. § 2201(a), this Court lacks jurisdiction over Count Four of Defendants' counterclaim, and that Count is dismissed. An appropriate order follows.

Date: March 15, 2016

Hon. William H. Walls
United States Senior District Judge